# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOCK R. JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-88

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jock R. Jones pleaded guilty to possession of a firearm by a convicted felon and was convicted following a bench trial of carjacking and using a firearm during the commission of a crime of violence. He asserts that his carjacking conviction was error because the evidence does not show that at the time that he took the vehicle he had the intent to cause death or serious bodily harm to the victim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30752

Viewed in the light most favorable to the government, the evidence shows that Jones intended to harm or kill the victim at the time he demanded the vehicle. *See United States v. Diehl*, 775 F.3d 714, 721 (5th Cir. 2015). Jones's intent to harm or kill the victim may be inferred from his actions when he grabbed her by her hair, put her in a chokehold, put a firearm to her temple, dragged her to the bus, and threated to shoot her children or to kill the victim if her children called the police. Jones's actions demonstrate that at the time that he took the vehicle he had the intent to cause death or serious bodily harm and was willing to use violence if necessary. *See United States v. Frye*, 489 F.3d 201, 207-08 (5th Cir. 2007). Jones's assertion that his primary motive was to hold the victim against her will lacks merit. We have rejected similar contentions that a defendant's primary motivation was not to take the vehicle, but to commit another offense or to achieve some other purpose. *See id.*; *United States v. Harris*, 25 F.3d 1275, 1279 (5th Cir. 1994). The carjacking statute does not require that the taking of a motor vehicle "be an ultimate motive of the crime." *See United States v. Garcia-Alvarez*, 541 F.3d 8, 16 (1st Cir. 2008); *United States v. Gurule*, 461 F.3d 1238, 1243 (10th Cir. 2006); *United States v. Diaz*, 248 F.3d 1065, 1098 (11th Cir. 2001).

Jones also argues that because there was no evidence to show that he committed a carjacking, the evidence was insufficient to show that he used a firearm during the commission of a crime of violence. The evidence was sufficient to support Jones's carjacking conviction, and "[c]arjacking is always and without exception a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(3)," so Jones has not shown that the evidence was insufficient to support his conviction for using a firearm during the commission of a crime of violence. *See Frye*, 489 F.3d at 208-09 (citation omitted).

AFFIRMED.

2